# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DARSHAWN WITHERSPOON,**

        **Plaintiff,**

    v.                                 CASE NO. 19-3239-SAC

**WYANDOTTE COUNTY COURT,**

        **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is confined in the Vernon County Jail, Nevada, Missouri. He proceeds pro se, and his fee status is pending.

### Nature of the Complaint

The complaint alleges that plaintiff was "incarcerated under entrapment" and that the courts did not provide him due process. He seeks monetary damages.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

## Discussion

Plaintiff names the Wyandotte County Court[1] as the sole defendant in this action. The present complaint does not identify the specific facts supporting his claim or the legal grounds beyond the explanation that he was entrapped and denied due process. This is insufficient

---

[1] The form complaint identifies the defendant as "Wyandotte County … employed as Wyandotte County Court." (Doc. 1, p. 1).

to state a claim for relief under the reasoning in *Twombly* and *Iqbal*.

Because the present complaint does not provide sufficient information to allow the Court to properly consider its merits, the Court will direct plaintiff to provide an amended complaint that identifies individual defendants, that explains what action or failure to act violated his rights, and that explains when this occurred. If he fails to file an amended complaint as directed, the Court will rule on the present record and may dismiss this matter for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **December 27, 2019,** to submit a complete amended complaint. The clerk of the court shall transmit the appropriate form to plaintiff.

**IT IS SO ORDERED.**

DATED:  This 26th day of November, 2019, at Topeka, Kansas.

    S/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge